UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X  **NOT FOR PUBLICATION**

MARGIE BROWN,

                Plaintiff,                  **MEMORANDUM AND ORDER**
                                                                              16-CV-6244 (LDH) (ST)

-against-

CITY OF NEW YORK,

                Defendant.
------------------------------------------------------------X

LASHANN DEARCY HALL, United States District Judge:

      Pro se Plaintiff Margie Brown, proceeding *in forma pauperis*, seeks two million dollars in damages for incidents that occurred at various homeless shelters where Plaintiff resided over the past three years. The Court hereby grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Plaintiff is further granted thirty days from the date of this Order to amend her complaint as set forth below.

## STANDARD OF REVIEW

      Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes Plaintiff's pleadings liberally because Plaintiff is pro se and alleges civil rights violations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sharpe v. Conole*, 386 F.3d 482, 484 (2d Cir. 2004). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

      Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must "contain . .

. a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Plaintiff's twenty-page complaint, which is accompanied by seventeen pages of attachments, alleges several incidents that occurred during her tenancy at Brooklyn homeless shelters since December 2013 and that were allegedly mishandled by the Department of Homeless Services. (*See* Compl.) Plaintiff allegedly made reports of theft, abuse, and sexual orientation discrimination, harassment, and health and safety hazards by various municipal employees at the shelter and also within the police department and hospitals to which she has been taken for psychiatric evaluation. (*See id.* at 7-8.) Plaintiff claims that Defendant was negligent, defamed Plaintiff, failed to comply with a duty of care, revealed Plaintiff's personal information, and violated Plaintiff's civil rights. (*Id.* at 8.) Plaintiff seeks to ground her claims in numerous federal civil (28 U.S.C. § 4101; 42 U.S.C. §§ 1981, 1983, 1985, 1986) and criminal (18 U.S.C. §§ 242, 1305, 1621) statutes, state laws (libel, defamation, negligence), and

Amendments to the United States Constitution (Fourth and Fourteenth Amendments). *(See id.)*

It is clear that Plaintiff has had multiple interactions with various shelters' staff over the course of her residency and that she is dissatisfied with her treatment by them and other municipal employees who were involved in police reports and hospital visits. It is not clear, however, what Plaintiff accuses the Defendant's agents[1] of doing wrong or how the state and federal laws to which she cites were violated. Moreover, Plaintiff fails to tie a cause of action or a theory of relief to the facts she alleges. The Complaint thus fails to provide the Court with notice of what claim or claims Plaintiff seeks to make or to notify the Defendant of the claims against it. The City of New York is left not knowing what it allegedly did wrong; only that Plaintiff thinks employees of its various city agencies somehow violated one or more of the laws to which she cites.

The Complaint suffers the further deficiency of failing to supply any facts tending to show that the City of New York caused any claimed constitutional violation. As the Second Circuit has made clear, "isolated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." *Jones v. Town of E. Haven,* 691 F.3d 72, 81 (2d Cir. 2012) (citing *Villante v. Dep't of Corr.,* 786 F.2d 516, 519 (2d Cir.1986)). To the extent she may seek to assert a 42 U.S.C. § 1983 claim against the City of New York in her amended complaint, Plaintiff must "make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's

---

[1] Plaintiff lists the following six categories of defendants: "various City employees/servants/agents/police officers/nurses/medical staff . . . ." (Compl. 7.) She goes on to name eight individuals not otherwise identified or connected to the facts. *(See id.)*

3

governing authority or the act of a person with policy making authority for the municipality." *Missel v. Cnty. of Monroe*, 351 Fed. Appx. 543, 545 (2d Cir. 2009) (quoting *Vives v. City of New York*, 524 F.3d 346, 350 (2d Cir. 2008)). Municipal liability "may also arise if [a] municipal defendant failed to train employees to avoid the behavior in question and if the failure rises to the level of deliberate indifference." *Richardson v. City of New York*, 326 Fed. App'x 580, 581 (2d Cir. 2009) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

In light of Plaintiff's *pro se* status, Plaintiff is afforded thirty days to amend her Complaint in order to comply with the dictates of Rule 8. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) (*pro se* plaintiff should afforded opportunity to amend complaint prior to dismissal); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated."); *Iwachiw v. General Electric Corp.*, No. 99-CV-3668, 2000 WL 381977, at *2 (E.D.N.Y. Feb. 22, 2000) (*pro se* plaintiff given leave to re-plead where complaint did not meet the requirements of Rule 8).

Should Plaintiff file an amended complaint, she must satisfy the minimal filing requirements of Rule 8. The complaint must contain a short, plain statement of the relevant facts supporting her claim and must provide any defendants with notice of the claims against them. Plaintiff must include facts pertinent to each claim and cannot rely on generalized allegations of misconduct. If Plaintiff elects to file an amended complaint, she should list specifically what injury she suffered, when and how it occurred, and who was responsible for it. Conclusory allegations are not sufficient. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556-57, 570). Finally, Plaintiff must name the individuals who were personally involved as defendants.

*See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). If Plaintiff cannot identify defendants at this time, she may designate those defendants as John/Jane Doe. To aid Plaintiff with this task, the Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights" form to Plaintiff.

**IV. Conclusion**

Plaintiff shall be afforded thirty days leave to file an amended complaint. The Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights" form to Plaintiff. If Plaintiff elects to file an amended complaint, the amended complaint must provide facts giving rise to each of her federal claims against any defendants. It must be submitted to the Court within thirty days of the docket entry of this Order. No summons shall issue at this time, and all further proceedings are stayed for thirty days for Plaintiff to comply with this Order. If Plaintiff fails to comply with this Order within the time allowed, judgment dismissing this action shall enter. Once submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. §1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

Dated: Brooklyn, New York
January 9, 2017